## Collegeville National Bank v. Frehafer

*Nelson P. Fegley*, for plaintiff.

*Wisler, Pearlstine, Talone & Gerber*, for defendants.

FORREST, J., June 15, 1955.—On these exceptions to the sheriff's schedule of distribution the question for decision is the order of priority of three lien claimants against a balance of $2,022.81 in the hands of the sheriff. Two of the liens are predicated upon mechanic's claims arising out of the furnishing of materials and labor in the construction of a particular house. The third is based upon a judgment. When this case came before us previously, we reordered the case on the argument list so that evidence might be submitted to establish the date when the mechanics' liens attached.

The material facts, as stipulated by counsel for all the lien claimants, may be summarized as follows: .

The work of building on the ground of defendants, Edward Frehafer and Ruth Frehafer, visibly commenced on September 14, 1953. Judgment was entered in favor of claimant, Monroe Loan Society of Pennsylvania, against defendants on September 30, 1953, in judgment docket 0-6, page 521, for $600. Dorothy T. Light, Daniel S. Light and Frank G. Light, trading as W. H. Gristock's Sons, exceptants herein, on May 11, 1954, filed a mechanics' lien claim against the Frehafers for $1,678.35. The lien is claimed from September 14, 1953, and is recorded in mechanics' lien docket no. 131, page 250. Claimants, Joseph Leach and Alexander Leach, trading as Norristown Plumbing and Heating Supply Company, on August 6, 1954, filed a mechanics' lien against the Frehafers for $2,878.05. This is claimed from October 17, 1953, and recorded in mechanics' lien docket no. 133, page 2. On September 3, 1954, a writ of sci. fa. sur mechanics'

lien was issued on behalf of the Leaches, and judgment thereon was entered on September 24, 1954.

On September 29, 1954, the property was sold by the sheriff under a mortgage foreclosure bearing the caption of this case. The sheriff's schedule of distribution indicates that the entire balance for distribution is payable to the judgment holders in the chronological order of the judgments, and it does not recognize the mechanics' lien claim of the Lights. After the sheriff's sale, to wit, on October 11, 1954, the Lights obtained a judgment on their mechanics' lien claim, and such judgment in the sum of $1,742.12 was entered in judgment docket T-6, page 89. Although the stipulation is somewhat ambiguous we take it that claimants have agreed that the Lights first furnished labor or materials on September 14, 1953, and that the Leaches first did so on October 17, 1953.

The status of claimants herein relative to each other is determined simply by the application of the rule stated in 12 Standard Pa. Practice, 81, §116:

"The liens of mechanics and materialmen take effect from the commencement of the building, and are to be preferred to any other liens which originate subsequently. A mechanic's lien dates from the time of visible commencement on the ground of the work of building." See also Roy Bldg. & Loan Assn. v. King, 17 D. & C. 83 (1931).

In this case, therefore, so far as the priority of mechanics' claims is concerned the dates of filing the claims, of entry of judgment and of execution thereon are immaterial. The only date of importance is that of the commencement of construction. Of course, the date of entry of the judgment of Monroe Loan Society is the date of the lien thereof, since that judgment is not predicated upon a mechanic's lien.

Even though a mechanic's lien has not been reduced to judgment at the time of the sheriff's sale, claimant

nonetheless is entitled to prove his right to share in the distribution of the proceeds of such sale: Andrews v. Fishing Creek Lumber Co., 161 Pa. 204 (1894). One decision points out that even if a person does not file a mechanics' lien claim until after a judicial sale, nevertheless, he may participate in the proceeds in a proper case: Wagner v. Manbeck, 18 Pa. C. C. 471 (1896).

The question remains as to whether one mechanic's lien claimant is entitled to a preference over the other either because he first did work or furnished materials or because in his lien claim he alleged an earlier date of beginning of the lien than was averred in the other claim. These matters were considered in DuBois Lumber & Coal Co. v. Miller, 48 Montg. 197 (1931). There it was decided that mechanics' lien creditors shared ratably among themselves irrespective of when the work was done or materials furnished. It was also pointed out that the Act of April 17, 1905, P. L. 172, section 1, 49 PS §53, amended the Act of June 4, 1901, P. L. 431, section 11, and dispensed with the requirement that the claim set forth the date from which it is made; that:

"The exceptant should not be bound by the unnecessary and inadvertent statement in his lien claim, unless some innocent third party would be injured by permitting him now to shift his ground, and insist upon the date fixed by the act as the commencement of his lien, rather than the date set forth in his pleading. The plaintiff is not such a party; it furnished no material, and did no work, relying upon the statement in the exceptant's lien, for the work was done, and material furnished, before the exceptant's lien was filed."

In the light of the foregoing, it is clear that the mechanics' lien claims share ratably among themselves in the balance held by the sheriff, leaving nothing for

the ordinary judgment creditor, the Monroe Loan Society of Pennsylvania.

### Order

And now, June 15, 1955, the exceptions of Dorothy T. Light, Frank G. Light and Daniel S. Light, trading as W. H. Gristock's Sons, to the sheriff's schedule of distribution are sustained and it is ordered, adjudged and decreed that an amended schedule of distribution be filed in conformity with the foregoing opinion, and that payment be made thereunder unless an appeal shall be taken within 20 days from the date hereof.