## Kearns v. Peterson

*William J. Joyce*, for plaintiff.

*George Hardy Rowley*, for defendant.

McKAY, J., September 29, 1961.—Defendant has filed preliminary objections in the nature of a motion for more specific complaint.

The action is to recover damages for personal injuries sustained by minor plaintiff in an automobile accident on September 5, 1959.

The eighth paragraph of the complaint avers that the minor plaintiff "sustained serious and severe injuries, bruises, abrasions, lacerations, and contusions on the various parts of her body." The paragraph then specifies certain particular injuries. If the particular injuries so specified are the only ones received, the paragraph should so indicate. If additional specific injuries were received and will be proved under the general averments of the first sentence of the paragraph, they should be specified.

Paragraphs 8 and 9 of the complaint allege that plaintiff's injuries are permanent. It is evident that some of the injuries could not be permanent. The complaint should state which injuries are permanent.

Paragraph 10 alleges: "Said injuries have hindered the plaintiff in the performance of her daily duties in connection with her employment." Defendant contends that the complaint should state which injuries interfered with the minor plaintiff's work, how they have interfered, what the work is, whether any loss of earnings was involved, and the period during which the injuries hindered her in her employment.

In the case of Skyrm v. Cadman, 3 Mercer 281, an analogous case, we required plaintiff to set forth in her complaint the kind of work she was engaged in, the rate of pay and the amount of time and wages lost up to the time of filing the complaint. This case is cited as authority for defendant's position in the instant case and not without reason, for it is squarely in point.

We are now of the opinion that we went further than the law requires in our order in the Skyrm case

and that it is not necessary for a plaintiff to plead the rate of pay and the amount of lost wages, these items being evidence as distinguished from facts.

However, the tenth paragraph in the present complaint should allege what the employment of plaintiff was and whether her injuries resulted in any loss of earning ability, for defendant is entitled to know these facts in order to prepare his defense.

Finally, the thirteenth paragraph alleges that the minor plaintiff required medical care and the father plaintiff has expended money for such care. In our opinion, the medical expenses incurred should be listed in the complaint.

*Order*

Now, September 29, 1961, it is ordered that the preliminary objections filed by defendant are sustained and that plaintiff shall file an amended complaint consistent with the foregoing opinion.