Schuylkill Township, Petitioner *v.* James K. Overstreet and Evelyn Overstreet, Respondents.

Argued December 15, 1982, before Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Roger E. Legg*, for petitioner.

*William C. Massinger*, for respondents.

OPINION BY JUDGE CRAIG, January 25, 1983:

In this review of an interlocutory order, certified for appeal under 42 Pa. C. S. §702(b)[1] by Judge LAWRENCE E. WOOD of the Court of Common Pleas of Chester County, the petitioner, Schuylkill Township, asks us to decide if a township must join, as indispensable parties, tenants of a mobilehome park, when the grant of an injunction to enforce the township's zoning ordinance against the respondent landowners would have the effect of forcing those tenants to move their homes. In this case of first impression,[2] we affirm Judge WOOD's order requiring that all affected tenants be joined as indispensable parties.

[1] Under Pa. R.A.P. 1311, Schuylkill Township filed a petition for permission to appeal Judge WOOD's interlocutory order; we granted permission to appeal on March 5, 1982. *Cf. Gellar v. Chambers*, 292 Pa. Superior Ct. 324, 437 A.2d 406 (1981) (absent filing of petition, appeal will be quashed for lack of appellate jurisdiction and case remanded, notwithstanding trial court's certification of issue).

[2] Only a handful of Pennsylvania cases consider the subject of tenants as indispensable parties and none of these decisions precisely address the issue here on appeal. *See generally, Bannard v. New York State Natural Gas Corp.*, 404 Pa. 269, 172 A.2d 306 (1961) (tenant, not landlord, is indispensable party in ejectment action by individuals against private company leasing gas rights from Pennsylvania Game Commission); *Lucci v. Pierce*, 38 Beaver Co. L.J. 66 (1979) (in equity action to enjoin alleged expansion of nonconforming use, court orders joinder of tenant as indispensable party where commercial premises operated by tenant, not landlord); *Churchill's Restaurant v. Timeless Towns of the Americas, Inc.*, 7 Pa. D. & C.2d 16 (1978) (in injunctive action by tenant restaurant to restrain landlord from changing character of "international village" to peddlers' flea market, landlord's attempt to join all tenants of commercial development fails because of inability to produce evidence demonstrating indispensability); *Harrisburg Redevelopment Authority v. Capitol Commercial Corp.*, 52 Pa. D. & C.2d 544 (1970) (follows *Bannard*); *Commonwealth v. Baltimore & Ohio Railroad Co.*, 25 Pa. D. & C.2d 213 (1961) (in trespass action, to avoid multiple suits, court orders involuntary joinder of lessee who holds oil and gas lease with Commonwealth).

We trace the origin of this dispute to the summer of 1968, when the Overstreets, owners of a parcel of land in Schuylkill Township, filed an application to expand their existing mobilehome park. Adopting a referee's report, the common pleas court denied the Overstreet application in 1979; we affirmed that decision in *Overstreet v. Zoning Hearing Board of Schuylkill Township,* 49 Pa. Commonwealth Ct. 397, 412 A.2d 169 (1980), petition for allowance of appeal denied June 9, 1980.

The township now seeks to enforce our order by an injunction restraining the Overstreets from maintaining and operating their mobilehome park on the eastern portion of their tract. Specifically, in its prayer for relief, the township has asked the trial court to require the Overstreets *"to remove* from such portion of their said property all mobilehomes, mobilehome pads and associated facilities, roads, water lines, sewers and electrical lines and lights.'' (Emphasis added.)

In his April 2, 1982 opinion calling for the joinder of the mobilehome space lessees as indispensable parties, Judge Wood correctly noted that, if the township prevails, the affected tenants will have to move; at oral argument, the township conceded that this would be the effect of a ruling in its favor.

Nevertheless, in its brief, the township contends that it only seeks to restrain the Overstreets from using a portion of their property in contravention of a zoning ordinance and that the tenants will not lose any rights should the injunction issue.

The relief which the township seeks, however, belies that contention; hence, we must agree with the trial court that no decree can be fashioned in this equity action without impairing the tenants' rights to possession of mobilehome spaces on the eastern portion of the Overstreet tract.

Because an indispensable party is one whose rights are so connected with the claims of the litigants that no decree or order can be made without impairing those rights, *Piper Aircraft Corp. v. Insurance Co. of North America*, 53 Pa. Commonwealth Ct. 209, 417 A.2d 283 (1980), we affirm.

ORDER

Now, January 25, 1983, the amended order of the Court of Common Pleas of Chester County, No. 135 Equity, 1980, is hereby affirmed.

DISSENTING OPINION BY JUDGE MACPHAIL:

I respectfully dissent. While it may be true that some of the mobilehome park tenants will be affected by enforcement of the injunction sought by the township, that fact in and of itself would not, in my judgment, make them indispensable parties in the circumstances of this case.

As the majority notes, the township has been compelled to seek equitable relief to enforce a zoning decision entered by the court of common pleas and affirmed by this Court. The landowners apparently have refused to comply with that order. The sole purpose of the action in equity is to compel the *landowners* to comply with a court decision. It seems manifestly unfair to me to require the township to join all of the tenants at the behest of the landowners when the township has no quarrel with the tenants and has not instituted any action against them. The end result of compulsory joinder of these additional parties will be, predictably, litigation between the tenants and landowners inter se. In the meanwhile, the zoning violation will continue until all of those disputes are resolved.

The tenants are not without legal remedies against the landowners if the township is granted the relief it

352

seeks. The rights of the tenants against the landowner should not be a device employed by the landowners to frustrate the enforcement of a zoning decision. Since I do not believe that the joinder of the tenants is necessary for the granting of equitable relief against the landowners, I would reverse the order of the trial court.