Earl P. Nudi and Ann E. Nudi, his wife, Appellants *v.* Township of Pine, Appellee.

Township of Pine, Appellant *v.* Earl P. Nudi and Ann E. Nudi, his wife, Appellees.

Argued March 11, 1985, before Judges CRAIG, COLINS and PALLADINO, sitting as a panel of three.

*John R. Friedlander, O'Brien and Friedlander,* for appellants/appellees, Earl P. Nudi and Ann E. Nudi, his wife.

*Henry W. Ewalt, Brooks and Ewalt,* for appellee/ appellant, Township of Pine.

OPINION BY JUDGE PALLADINO, September 18, 1985:

This is a consolidated appeal from a decision of the Court of Common Pleas of Allegheny County (trial court) dismissing the complaint of the Township of Pine (Township) which sought to enjoin Earl

P. and Ann E. Nudi (Nudis) from operating a commercial enterprise on their premises. The Township filed exceptions to the dismissal and the Nudis excepted to some of the findings of the decree. The trial court affirmed the decree and dismissed the exceptions of both parties.

The trial court made the following findings of fact. Since 1959, the Nudis, who are husband and wife, have owned 45 acres of land in the Township in an area classified as Residential, R-1 by the Township Zoning Ordinance. The structures on the property consist of a dwelling house and a separate 30′ x 40′ barn. The barn was constructed in 1979-80, after the Township had issued a permit for its construction in 1972. Since March of 1980, a vitamin and medicinal distribution business, owned and operated by a corporation by the name of Nutritional Specialties, Inc. (NSI) has been conducted on the premises.

NSI operates the vitamin distribution business by utilizing the barn for inventory storage. The barn also houses an office which operates as the headquarters for the business. Approximately once or twice a month large 14 wheel trucks deliver large quantities of vitamins to the barn from Seroyal Corporation, a California manufacturer. NSI receives orders from physicians, hospitals and pharmacies which are filled by repackaging the large quantities into small boxes. The small orders are then picked up daily by United Parcel Service trucks. NSI employs one secretary on the premises. Salesmen are retained to sell the merchandise in most of the northeastern states. NSI's gross sales exceed $400,000.00 annually.

NSI is principally controlled by Peter Nudi, who is the President of the corporation and son of the Appellant Nudis. NSI leases the barn from the Nudis

for a rental of $750.00 per month. Earl P. Nudi is the vice-president of NSI, but is not a director or shareholder of NSI. He is also employed in the process of repackaging the vitamins. Ann E. Nudi is neither an officer, director, shareholder, nor employee of NSI.

In April of 1982, the Township commenced the action in equity seeking to enjoin the Nudis from maintaining a commercial enterprise on their property which allegedly is in violation of the zoning ordinance. The trial court held that because the business is not operated by the Nudis, but by their tenant, NSI, the trial court had no authority to enjoin the Nudis from operating the business. The Township excepted to the dismissal and the Nudis excepted to the findings of fact. The trial court dismissed the exceptions of both parties and affirmed the Decree Nisi as a final decree.

We find that the trial court was correct in dismissing the action against the Nudis. The trial court could not properly grant the relief requested by the Township because the Nudis did not operate the business. The proper basis for dismissal, however, rests in the fact that NSI is an indispensable party to the present action.

It is the general rule that an indispensable party is one whose rights are so connected with the claims being litigated that he must be a party to the lawsuit to protect his rights, and that no decree can be made without impairing those rights. *Columbia Gas Transmission Corp. v. Diamond Fuel Co.*, 464 Pa. 377, 346 A.2d 788 (1975). Here, NSI, as tenant, has a possessory interest in the property that is directly related to the claim. Any injunctive relief would impair NSI's operations, and thus, would have a direct impact on NSI's utilization of the premises. Finally, NSI was denied the right to due process in that the

corporation did not have an opportunity to protect its interest by participating in the litigation. *See Mechanicsburg Area School District v. Kline,* 494 Pa. 476, 431 A.2d 953 (1981). Inasmuch as the trial court could grant no relief that would not have a direct effect on NSI's interests as tenant, which interests the corporation had a due process right to protect, NSI is an indispensable party for the purposes of this litigation.[1]

Because any grant of injunctive relief would be ineffective against NSI because NSI was not a party to the litigation and it is NSI who operates the business, NSI is an indispensable party to this suit. If all parties indispensable to the litigation have not been joined, it is impossible for a court in equity to grant relief. *Posel v. Redevelopment Authority of Philadelphia,* 72 Pa. Commonwealth Ct. 115, 456 A.2d 243 (1983). Because NSI's absence as an indispensable party deprived the trial court of jurisdiction in this matter, the trial court was correct in dismissing the suit. *Columbia Gas Transmission Corp.,* 464 Pa. at 379, 346 A.2d at 789. However, NSI's absence also renders the trial court's findings with respect to the merits of the case null and void. *Id.*

Accordingly, we affirm the trial court's dismissal of the suit, but vacate the trial court's findings with respect to the merits of the case.

---

[1] We note that our holding is not inconsistent with *Schuylkill Township v. Overstreet,* 71 Pa. Commonwealth Ct. 348, 454 A.2d 695 (1983), wherein we held that mobilehome park tenants were indispensable parties to an action in equity to enforce the township's zoning ordinance against the owner/operator of the mobilehome park. The facts of the instant case are more compelling than in *Schuylkill Township* because here, the tenant itself is the operator of the business that the Township seeks to enjoin. While the landowner's presence in the suit is required, no relief can be granted without the presence of the tenant, NSI.

## Order

AND Now, September 18, 1985, the Final Decree of the Court of Common Pleas of Allegheny County, dated August 23, 1983, dismissing the complaint of the Township of Pine, is affirmed, and the Findings of fact on the merits are hereby vacated.

Judge BARBY did not participate in the decision in this case.