566 A.2d 931

**PA. CENTRAL REALTY INVESTMENT, INC., Appellant,**

**v.**

**TOWNSHIP OF MIDDLESEX, Appellee.**

**PA. CENTRAL REALTY INVESTMENT, INC., Appellant,**

**v.**

**TOWNSHIP OF MIDDLESEX, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Sept. 12, 1989.

Decided Nov. 29, 1989.

Edward R. Eidelman, Black, McCarthy, Usher, Eidelman & Feinberg, with him, Howard N. Stark, Allentown, for appellant.

Charles D. Vance, Jr., with him, Richard C. Snelbaker, Snelbaker & Elicker, Mechanicsburg, for appellee.

Before CRUMLISH, Jr., President Judge, and COLINS and McGINLEY, JJ.

COLINS, Judge.

Pa. Central Realty Investment, Inc. (Pa. Realty) appeals from an order of the Court of Common Pleas of Cumberland County granting a preliminary injunction to the Township of Middlesex (Township) and a subsequent order issued

by the trial court directing Pa. Realty to comply with the preliminary injunction or show cause why they should not be held in contempt. The two appeals have been consolidated by this Court by order dated January 10, 1989.

On or about September 12, 1988, Richard Gomes, on behalf of Pa. Realty, applied for a building permit from the Township Zoning Officer with respect to the premises located at 2 South Middlesex Road. Pa. Realty sought to make changes and improvements to the building located thereon. In requesting the building permit, Mr. Gomes described the proposed use of the premises as being for the sale and service of video equipment and video tape rental. Prior to applying for the permit, Mr. Gomes had made a request of Middlesex Township Municipal Authority for water service at this location. In making the application for service, Mr. Gomes represented to that body that the premises were to be used for video equipment retail and repair.

When the business began operating at this location in mid-October 1988, rather than being used for the sale and repair of video equipment and the rental of video tapes, the premises were being used for the sale of sexually oriented materials, for the exhibition of sexually oriented video tapes and motion pictures and for live performances by nude females performing sexually oriented acts, including auto-eroticism, for customers' entertainment.

The Middlesex Township Zoning Ordinance (Ordinance), in effect at the time of the application for the building permit, provided for the issuance of zoning permits, building permits and certificates of occupancy. However, at the time complained of, the Township did not as a general rule require separate zoning permits or certificates of occupancy; although, building permits were required. Section 15.-02(B)(1) of the Ordinance which governed the issuance of building permits required that an applicant state the existing and intended use of all buildings presently on or to be erected on the property and supply information necessary for determining whether the provisions of the Ordinance were being observed.

The premises in question are located in a Commercial Highway Zoning District. Section 10.01 of the Ordinance describes this district as being designed to accommodate the needs of transient highway travelers. The use of the premises for the sale and service of video equipment and video tape rental falls within the permitted uses in this district. An adult bookstore is not listed as a permitted use nor as a special exception use in this district.

On October 28, 1988, the Township issued a "cease and desist" notice and served it upon Pa. Realty and the occupants of the premises. The business continued to operate and the Township filed a complaint in equity pursuant to Section 617 of the Pennsylvania Municipalities Planning Code (MPC),[1] on November 7, 1988, seeking to enjoin Pa. Realty's use of the property. The Township submitted that Pa. Realty was in violation of the Ordinance and was conducting a business for which it had not obtained a valid permit. A hearing was held on November 17, 1988 and on December 8, 1988 the trial court issued an opinion and order granting the preliminary injunction. The business continued to operate despite the preliminary injunction and the trial court issued a further order directing compliance on December 12, 1988. Pa. Realty has appealed both orders to this Court.

■ At the outset, we must conclude that the trial court's order of December 12, 1988 is interlocutory and unappealable. This order did not declare Pa. Realty in contempt. It directed compliance with the trial court's order of December 8, 1988 and stated that if Pa. Realty did not comply it would be made to show cause why it should not be held in contempt. This order does not constitute an adjudication of contempt and does not impose sanctions. Thus, it is an interlocutory and unappealable order. *See Hester v. Bagnato*, 292 Pa.Superior Ct. 322, 437 A.2d 66 (1981) (order

1. Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10617. We note that the MPC was reenacted and some sections of it were amended by the Act of December 21, 1988, P.L. 1329 (1988 Act). However, the effective date of the 1988 Act was subsequent to the Township's filing of its complaint in this matter and, therefore, it is inapplicable here.

declaring a party to be in contempt, but which imposes no sanction, is interlocutory and unappealable). Accordingly, we quash the appeal at No. 25 C.D. 1989.

We shall now address the appeal of the order of December 8, 1988,[2] granting the preliminary injunction. Pa. Realty argues that the trial court erred in failing to address each element necessary in establishing the need for the preliminary injunction. We emphasize that this is an appeal from the grant of a preliminary, as opposed to a permanent injunction, and that our scope of review in this type of appeal is limited. It is not our function to inquire into the merits of the controversy; instead, we merely examine the record to ascertain whether there existed any reasonable basis for the trial court's action. *Chatham Racquet Club v. Commonwealth,* 116 Pa.Commonwealth Ct. 55, 541 A.2d 51 (1988).[3] The trial court's decision will be reversed only if it is plain that no grounds exist to support the decree or that the rule of law relied upon was palpably erroneous or misapplied. *Id.* Although the trial court's opinion does not discuss each element of the test for a preliminary injunction, it does conclude that the continuing violation of the Ordinance constitutes irreparable harm. The record reveals a reasonable basis for this conclusion and the trial court's grant of the preliminary injunction.

Pa. Realty submits that the entry of the preliminary injunction was improper because Pa. Realty had obtained a valid permit which had not been revoked and which was purported to be invalid because the uses to which the premises were put deal with sexually explicit materials and entertainment. Pa. Realty submits that the injunction, therefore, violates its rights under the First Amendment to the U.S. Constitution[4] and makes the application of the Ordinance unconstitutional.

**2.** This appeal was docketed at No. 24 C.D. 1989.

**3.** This case was later appealed after remand. *See Chatham Racquet Club v. Commonwealth,* 127 Pa. Commonwealth Ct. 209, 561 A.2d 354 (1989).

**4.** U.S. Const. amend. I.

24

The trial court indicated that the Ordinance contains no blanket prohibition against businesses such as those conducted on Pa. Realty's premises. However, it also correctly noted that in order to challenge the constitutional validity of the Ordinance, in connection with the denial or revocation of a permit, the property owned must first have sought a valid permit for the use giving rise to the constitutional challenge. *Visual–Education Devices, Inc. v. Springettsbury Township*, 54 Pa.Commonwealth Ct. 529, 422 A.2d 235 (1980). Pa. Realty never sought a building permit from the Township for the use of the premises for the operation of an adult book store which would include the exhibition of sexually explicit materials and live performances by nude females. The trial court found that Pa. Realty's building permit was obtained by misrepresentation. They applied for a building permit for one kind of business and operated another. Such action clearly violates the Ordinance and the trial court correctly held that pursuant to *Mager v. Hilltown Township*, 6 Pa.Commonwealth Ct. 90, 293 A.2d 631 (1972), the continuing violation of a township's ordinance is unlawful conduct which constitutes immediate and irreparable harm.

Pa. Realty submits that the Township has circumvented a constitutional challenge by its failure to revoke the permit issued. This argument is meritless. The permit sought and obtained was for the sale and repair of video equipment and the rental of video tapes. The Township need not revoke the permit for the valid use of the premises as such a business. We reiterate that in order to raise a constitutional challenge, Pa. Realty would have had to first seek a valid permit for the use of the premises as an adult bookstore. The constitutional questions were not properly before the trial court and it correctly declined to address them.

Pa. Realty also contends that the preliminary injunction was overbroad and imprecise because it ordered no use of the premises for any purpose. The trial court, in enjoining the use of the premises altogether, relied upon the case

of *Visual–Education.* In that case, this Court modified the order of the trial court because we determined that it was too narrow. However, in *Visual–Education,* the permit had been revoked. Therefore, the owner/occupant of the premises had no permit under which it could operate. In the instant case the Township has not revoked the permit for the video tape rental and video equipment sale and repair business. We disagree with the trial court's conclusion that "to have a permit for a use other than the actual use is to have no permit at all." Instead, we must conclude that Pa. Realty maintains a valid permit to operate a business for the sale and repair of video equipment and video tape rental. Accordingly, the order of the trial court shall be modified to narrow rather than broaden its scope and allow Pa. Realty to operate the business for which it obtained a valid permit, if it so chooses.

Finally, we feel compelled to address Pa. Realty's contention that the preliminary injunction should have been denied because the Township failed to join the tenant of the premises, Vitant, Inc., as an indispensable party. Pa. Realty cites *Schuylkill Township v. Overstreet,* 71 Pa.Commonwealth Ct. 348, 454 A.2d 695 (1983), in support of its contention. In *Schuylkill,* an application for expansion of a mobile home park was denied by the Schuylkill Township Zoning Hearing Board. On appeal from an interlocutory order, we held that the Township was required to join the tenants of the mobile home park as indispensable parties where the grant of an injunction would have the effect of forcing those tenants to move their homes.

In the case before us today, the facts of the matter are quite different from those presented in *Schuylkill.* The record reveals that the building permit application was signed by Richard Gomes, with the words "Pa. Central Realty, Inc." written thereafter. When application was made with the Township for the use of signs at the premises, the name "Vitant, Inc." was used with the name of the applicant listed as "Stanley Demko". In Pa. Realty's preliminary objections and answer to the Township's complaint,

Stanley Demko swore that he was "the President of Pa. Central Realty Investment, Inc." The two entities involved in the use of the premises seem to be intertwined. Under the circumstances presented here and considering the fact that the relief granted was preliminary and not permanent in nature, we do not agree that the joinder of the tenant, Vitant, Inc., was necessary to the grant of equitable relief against the permittee, Pa. Realty. If Vitant, Inc. is truly a separate entity from Pa. Realty it maintains legal rights against that corporation. We refuse to allow Pa. Realty to frustrate the enforcement of the provisions of the Township's Ordinance where the rights of the tenant are not clearly prejudiced.

We conclude that the trial court did have apparently reasonable grounds to enter the preliminary injunction. However, we find it necessary to modify the final decree to provide that Pa. Realty is enjoined and prohibited from using and occupying the premises at 2 South Middlesex Road, Middlesex Township, for any purpose other than the sale and repair of video equipment and the rental of video tapes. The decree as so modified is affirmed.

## ORDER

AND NOW, this 29th day of November, 1989, the appeal of the order of the Court of Common Pleas of Cumberland County dated December 12, 1988 and docketed at No. 25 C.D. 1989 is quashed. The order of the trial court dated December 8, 1988 and docketed at No. 24 C.D. 1989 is modified so as to provide that Pa. Realty is enjoined and prohibited from using and occupying the premises at 2 South Middlesex Road, Middlesex Township, for any purpose other than the sale and repair of video equipment and the rental of video tapes. As so modified, it is affirmed.

McGINLEY, Judge, dissenting.

I respectfully dissent. The majority holds that the tenant of the premises, Vitant, Inc., was not an indispensable party to the trial court's proceedings because Pa. Realty and

Vitant, Inc. "seem to be intertwined." Majority opinion at 7. However, a review of the December 8, 1988, decision of the trial court reveals that no finding of fact was made as to whether Vitant, Inc. and Pa. Realty are so intertwined as to relieve the township from the duty to join Vitant, Inc. as an indispensable party in accordance with our decision in *Schuylkill Township v. Overstreet*, 71 Pa.Commonwealth Ct. 348, 454 A.2d 695 (1983).

Clearly, Vitant, Inc. is forced out of business by the preliminary injunction issued against Pa. Realty. In view of our decision in *Schuylkill*, I would reverse and remand for a determination by the trial court of the relationship between Pa. Realty and Vitant, Inc. and whether, as a matter of law, Vitant, Inc. is an indispensable party to the proceedings.