638 A.2d 400

GUTHRIE CLINIC, LTD.

v.

Ralph H. MEYER, Robert J. Landy, Richard W. Botnick, William H. Ransom, III, John V. Sponyoe, Kenneth H. Raylor, Jr., and Thad E. Woodward,

Appeal of GUTHRIE HEALTHCARE SYSTEM, Appellant.

GUTHRIE CLINIC, LTD.

v.

Ralph H. MEYER, Robert J. Landy, Richard W. Botnick, William H. Ransom, III, John V. Sponyoe, Kenneth H. Raylor, Jr., and Thad E. Woodward,

Appeal of Robert J. LANDY, Appellant.

GUTHRIE CLINIC, LTD.

v.

Ralph H. MEYER, Robert J. Landy, Richard W. Botnick, William H. Ransom, III, John V. Sponyoe, Kenneth H. Raylor, Jr., and Thad E. Woodward,

Appeal of Richard W. BOTNICK, Appellant.

GUTHRIE CLINIC, LTD.

v.

Ralph H. MEYER, Robert J. Landy, Richard W. Botnick, William H. Ransom, III, John V. Sponyoe, Kenneth H. Raylor, Jr., and Thad E. Woodward,

Appeal of Ralph H. MEYER, Appellant.

Commonwealth Court of Pennsylvania.

Argued Dec. 15, 1993.

Decided Feb. 16, 1994.

154

John M. Elliott, for appellant Guthrie Healthcare System. Morey M. Myers, for appellant Landy.

Gregory M. Luce and Robert L. Byer, for appellees.

Before McGINLEY and KELLEY, JJ., and RODGERS, Senior Judge.

KELLEY, Judge.

Appellants, Ralph E. Meyer, Robert J. Landy, Richard W. Botnick, and Guthrie Healthcare System (GHS), appeal from an order of the Court of Common Pleas of Bradford County (trial court), dated November 3, 1993, granting the emergency petition of appellee Guthrie Clinic, Ltd. (Guthrie Clinic) for preliminary injunction without hearing or special injunction.[1]

---

1. The appellants in these appeals filed their notices of appeal with this court on November 4, 1993. On November 12, 1993, this court ordered that appellants' appeals be argued before this court in December 1993 in seriatim with the appeals of appellants in *Smaha v. Landy*, Nos. 2258 C.D.1993; 2268 C.D.1993; 2269 C.D.1993; and 2270 C.D. 1993. The appeals in the *Smaha* action are addressed in a separate opinion and order of this court filed simultaneously with the present opinion and order.

Four other named defendants in the trial court action which is the subject of the present appeals, William H. Ransom, III, John V. Sponyoe, Kenneth H. Taylor, Jr., and Thad E. Woodward, filed notices of

In response, Guthrie Clinic has filed an application to quash the appeal of GHS in this matter on the basis that GHS was not a party to the trial court proceedings.

On November 2, 1993, Guthrie Clinic commenced an action in the trial court against appellants Meyer, Landy, Botnick, Ransom, Sponyoe, Taylor and Woodward, in their individual capacities, by filing a complaint and emergency petition for preliminary injunction without hearing and for permanent injunction. The named individual defendants are seven lay directors of the board of directors of GHS.

GHS is a Pennsylvania nonprofit corporation exempt from federal income tax under section 501(c)(3) of the Internal Revenue Code. GHS has no members only a board of directors, executive committee, a board of trustees and officers. The bylaws of GHS require that the board of directors shall consist of eleven directors, consisting of four physician directors and seven lay directors. As stated above, the named individual defendants in the action brought by Guthrie Clinic in the trial court are the seven lay directors of the GHS board.

Under the bylaws of GHS, the four physician directors of the board of directors of GHS shall also be members of Guthrie Clinic. Guthrie Clinic is a Pennsylvania professional corporation exempt from federal income tax under section 501(c)(3) of the Internal Revenue Code that provides medical services. Guthrie Clinic is a separate incorporated entity and not a subsidiary of GHS.

In January 1990, GHS and Guthrie Clinic entered into an

appeal from the trial court's November 3, 1993 order on December 1, 1993. Therefore, Ransom, Sponyoe, Taylor and Woodward did not participate in oral argument concerning these appeals before this court on December 15, 1993. However, prior to argument, Ransom, Sponyoe, Taylor and Woodward filed with this court a praecipe to join in the brief of appellant Meyer in support of his appeal from the trial court's order of November 3, 1993. Accordingly, the disposition of these appeals will control the disposition of the appeals of Ransom, Sponyoe, Taylor and Woodward at Nos. 2634 C.D.1993; 2635 C.D. 1993; 2643 C.D.1993 and 2644 C.D.1993.

affiliation through a written agreement.[2]  The purpose of the affiliation was to reorganize GHS [3] with the general effect of vesting in the board of directors and executive committee of the board of GHS the oversight, planning, and operations of Guthrie Clinic, while reserving to the physician members of the clinic certain fundamental elements of control and the continued election by Guthrie Clinic physicians of the Guthrie Clinic's own board of directors.  The 1990 reorganization also included certain mandated levels of participation by the Guthrie Clinic physicians on the GHS board of directors which included the required presence of at least two physician directors to constitute a quorum and voting in the affirmative to conduct any business.

As part of the oversight, planning and operations of Guthrie Clinic, GHS extended a line of credit to Guthrie Clinic and purchased malpractice insurance coverage for Guthrie Clinic and its practicing physicians.

Guthrie Clinic filed the emergency petition for preliminary injunction without hearing or special injunction (emergency petition) to:

(1) prevent the individual appellants from interfering with Guthrie Clinic's medical malpractice insurance;

(2) prevent the individual appellants from misusing the line of credit extended to Guthrie Clinic by GHS;

(3) prevent the individual appellants' alleged unlawful conspiracy to destroy Guthrie Clinic;  and

(4) prevent the individual appellants from adopting a resolution authorizing litigation against Guthrie Clinic, its counsel, and the physician directors of the GHS board of directors without the affirmative vote of at least two of the physician directors.

2.  Donald Guthrie Foundation for Medical Research, Inc., a Pennsylvania nonprofit corporation qualified as an exempt organization pursuant to section 501(c)(3) of the Internal Revenue Code, was also a party to this agreement.

3.  Prior to January 1, 1990, GHS was known as the Guthrie Medical Center.  Pursuant to the affiliation agreement, Guthrie Medical Center was reorganized and became known as Guthrie Healthcare System.

Guthrie Clinic based its emergency petition on three resolutions adopted by the GHS board of directors on November 1, 1993. Guthrie Clinic alleges that the resolutions were improperly adopted because two physician directors did not affirmatively vote on the resolutions' adoption. The three resolutions adopted by the GHS board authorized:

(1) a lawsuit against the insurer, MMI, providing malpractice insurance and other insurance to the Guthrie Clinic and GHS for the insurer's failure to provide a defense to the action brought by the physician directors against appellants Meyer, Landy, Botnick, and GHS in the trial court (*Smaha* action);

(2) a demand payment on the line of credit extended to Guthrie Clinic on or before November 12, 1993 and, if not paid in accordance with GHS's demand, the resolution authorized action as may be required to collect and cause the payment of the indebtedness; and

(3) a lawsuit against Guthrie Clinic, its counsel, and the physician directors of GHS for causing substantial economic injuries to GHS by filing an action in the trial court against appellants Meyer, Botnick, Landy, and GHS (*Smaha* action).

On November 3, 1993, the trial court granted, *ex parte*, Guthrie Clinic's emergency petition and entered the following order:

IT IS HEREBY ORDERED that, pending further disposition of this Petition on a preliminary injunction hearing, that Defendants, and each of them individually, be and are hereby

1.) Enjoined from implementing in any manner, directly or indirectly, personally or by agent or employee, or by agent or employee of GHS, the so-called Resolutions of November 1, 1993, or other resolutions of a similar nature;

2.) Enjoined from taking any action, directly or indirectly, personally or by agent or employee, or by agent or employee of GHS, to alter or affect the financial standing, credit worthiness or accounting of Guthrie Clinic, including but not

limited to any recharacterization of the line-of-credit between GHS and the Clinic as a short-term debt from its present status as long-term debt;

3.) Enjoined from taking any actions, directly or indirectly, personally or by agent or employee, or by agent or employee of GHS, to alter or affect the insurance policies covering the Guthrie Clinic issued through MMI effective August 1, 1993; and

4.) Enjoined from any further efforts to constitute themselves as the GHS Board to the exclusion of the Clinic representatives on the GHS Board or their voting rights.

The Plaintiff shall post a bond with the prothonotary in the amount of $150,000.00 conditioned as required by Pa. R.Civ.P. 1531(b)(2) within 48 hours after entry of this Order.

This matter is set down for hearing on November 8, 1993 at 8:30 a.m. unless Defendants shall request a longer time to file their answer and any other responses.

On November 4, 1993, the trial court conducted a telephone hearing on appellants' application to stay the November 3, 1993 order. During this telephone hearing, GHS made an oral motion to intervene in the proceedings. By order dated November 5, 1993, the trial court denied appellants' application for a stay; however, the trial court did not specifically rule on GHS's motion to intervene.

On November 4, 1993, appellants filed notices of appeal of the November 3, 1993 order with this court. In response, Guthrie Clinic filed an application to quash the appeal of GHS on the basis that GHS was not a party to the proceedings in the trial court.

On November 5, 1993, GHS filed with this court an emergency application to vacate the *ex parte* preliminary injunction granted by the November 3, 1993 order and to stay the proceedings in the trial court. Appellants Meyer, Botnick and Landy filed a joint emergency application to stay the proceedings in the trial court.

By per curiam order dated November 8, 1993, this court stayed all proceedings in the trial court pending further order

of this court. By order dated November 12, 1993, this court denied GHS's emergency application to vacate *ex parte* preliminary injunction and granted the emergency applications to stay the proceedings in the trial court. This court further ordered appellants' appeals and Guthrie Clinic's application to quash be argued in seriatim with the appeal of the *Smaha* action in December 1993. This court will first address Guthrie Clinic's application to quash the appeal of GHS.

## I. APPLICATION TO QUASH

■ Guthrie Clinic argues that the appeal of GHS in this matter should be quashed because GHS is not a party to the proceedings in the trial court. It is well settled in Pennsylvania, Guthrie Clinic contends, that only a party to the trial court proceedings may appeal; therefore, GHS lacks standing to appeal the trial court's November 3, 1993 order in an action to which it is not a party. In addition, Guthrie Clinic argues that no relief is being sought against GHS in the trial court proceedings and that the relief requested by Guthrie Clinic and the preliminary injunction entered by the trial court do not affect the rights of GHS.

Under Pennsylvania Rule of Appellate Procedure 501, "except where the right of appeal is enlarged by statute, any party who is aggrieved by an appealable order, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom." Pa.R.A.P. 501. The note to Pa.R.A.P. 501 states that "whether or not a party is aggrieved by the action below is a substantive question determined by the effect of the action on the party, etc." Pa.R.A.P. 501 (Note).

The term "party" is not defined in the Pennsylvania Rules of Appellate Procedure. However, under the Judicial Code, a party is defined as a "person who commences or against whom relief is sought in a matter." 42 Pa.C.S. § 102.

■ Likewise, the term "aggrieved" is not defined in the Pennsylvania Rules of Appellate Procedure. The absence or presence of aggrievement can be determined only on a case by case basis and if a person is determined to be aggrieved, he is

also said to have standing. *See* G. Darlington, K. McKeon, D. Schuckers, K. Brown, *Pennsylvania Appellate Practice,* § 501:2 at 157 (1986). The concept of aggrievement has been summarized as follows:

> [O]ne who seeks to challenge governmental action must show a direct and substantial interest, ... In addition, he must show a sufficiently close causal connection between the challenged action and the asserted injury to qualify the interest as "immediate" rather than "remote."

*Id.* (citing *Wm. Penn Parking Garage, Inc. v. City of Pittsburgh,* 464 Pa. 168, 202, 346 A.2d 269, 286 (1975)).

GHS argues that it is a party aggrieved by the trial court's November 3, 1993 order; therefore, GHS has standing to appeal. We agree.

A review of the trial court's November 3, 1993 order shows that GHS is a party aggrieved by the action in the trial court due to the effect of the action on GHS as a corporation. The trial court's order clearly has an immediate and direct effect on the substantial interests of GHS.

The trial court's order enjoins the named individual appellants: (1) from implementing personally or by agent or employee of GHS the resolutions of November 1, 1993; (2) from taking any action personally or by agent or employee of GHS to alter or affect the financial standing, credit worthiness or accounting of Guthrie Clinic; (3) from taking any actions personally or by agent or employee of GHS to alter or affect the insurance policies covering the Guthrie Clinic; and (4) from any further efforts to constitute themselves as the GHS board to the exclusion of Guthrie Clinic representatives on the GHS board of directors or their voting rights.

As stated previously, GHS has no members. Therefore, GHS can only act through its board of directors. It is clear that the trial court's order of November 3, 1993 is enjoining the named individual appellants from acting in their capacities as directors of GHS. It is also clear that the named individual appellants cannot act in a personal or individual capacity to

commit the acts which the trial court has enjoined them from taking.

Consequently, the trial court's order affects the substantive rights of GHS and the trial court has, in effect, granted injunctive relief against GHS. Therefore, GHS is a party aggrieved by the trial court's order and has standing to appeal the trial court's November 3, 1993 order.

Accordingly, Guthrie Clinic's application to quash the appeal of GHS because it was not a party to the proceedings in the trial court is denied.

## II. MERITS

■ On appeal, appellants argue that the trial court's November 3, 1993 order granting the *ex parte* injunction is erroneous because (1) the trial court lacked jurisdiction to enter the order since, GHS, an unnamed but necessary and indispensable party, was not a party to the trial court proceedings; (2) the order purports to require voting by "interested" physician directors who are irreconcilably tainted with seriously disabling conflicts of interest; and (3) Guthrie Clinic failed to demonstrate a clear legal right to the relief or that they will suffer immediate and irreparable harm if injunctive relief is not granted.

In response, Guthrie Clinic argues that the trial court properly issued the *ex parte* injunction and appellants cannot meet their heavy burden of showing that there were no apparently reasonable grounds for the trial court's issuance of the injunction. In addition, Guthrie Clinic contends that the trial court properly held that GHS is not an indispensable party as its presence in the action is not essential to a determination of the merits, and its rights are not affected by the preliminary injunction. Guthrie Clinic contends that appellants had no authority to act on behalf of GHS, in direct contravention of its by-laws; therefore, the trial court could enjoin the individual appellants from usurping GHS's corporate identity and using it to destroy Guthrie Clinic, without in any way affecting the rights of GHS.

This court will first address the issue of whether GHS was an indispensable party without whom the trial court lacked jurisdiction to issue an injunction.

■■■ An indispensable party is one whose rights are so connected with the claims being litigated that he must be a party to the lawsuit to protect his rights, and that no decree can be made without impairing those rights. *Columbia Gas Transmission Corp. v. Diamond Fuel Co.*, 464 Pa. 377, 346 A.2d 788 (1975). A party against whom no redress is sought, or whose rights would not be prejudiced by a decision in the case, is not indispensable. *Sprague v. Casey*, 520 Pa. 38, 550 A.2d 184 (1988). If all parties indispensable to the litigation have not been joined, it is impossible for a court in equity to grant relief. *Nudi v. Township of Pine*, 92 Pa.Commonwealth Ct. 32, 498 A.2d 55 (1985).

As stated previously in this opinion, the trial court's November 3, 1993 order affected the rights of GHS as a corporation and, as a result, GHS was aggrieved by the trial court's order. Therefore, it is clear that GHS is an indispensable party in that its rights were prejudiced by the trial court's order and GHS must be made a party to the action in order to protect those rights. Without being a party, GHS will be denied the right to due process in that GHS must have an opportunity to protect its interests by participating in the litigation. *Nudi.*

■■■ This brings the court to the question of whether the trial court's order of November 3, 1993 should be vacated for lack of jurisdiction because GHS was not a party to the proceedings or whether the trial court's order should remain in place pending the issuance of a final decree dissolving, continuing or modifying the injunction. We believe that the trial court's order should be vacated for lack of jurisdiction.

Although the trial court granted the preliminary injunction *ex parte* without notice to the named individual appellants in accordance with Pa.R.C.P. No. 1531, GHS was not a named party nor was GHS joined in the litigation. Therefore, it was impossible for the trial court to grant the requested relief after considering the rights of the named individual appellants

without also taking into consideration the rights of GHS, an indispensable party. *Columbia Gas Transmission Corp.; Nudi.*

Accordingly, the trial court's order of November 3, 1993 granting Guthrie Clinic's emergency petition for preliminary injunction without hearing or special injunction is vacated.[4]

## ORDER

NOW, this 16th day of February, 1994, it is hereby ORDERED:

1. The application to quash the appeal of Guthrie Healthcare System filed by Guthrie Clinic, Ltd. is denied; and

2. The November 3, 1993 order of the Court of Common Pleas of Bradford County, entered at Docket No. 93–EQ–000462, is vacated.

---

4. Due to the basis of this court's holding that the trial court's order of November 3, 1993 be vacated, this court does not need to address appellants' remaining arguments.