346 A.2d 788

COLUMBIA GAS TRANSMISSION CORPORATION

v.

DIAMOND FUEL COMPANY and William M. Fiore
Trucking and Contracting Company, Appellants.

Supreme Court of Pennsylvania.

Oct. 30, 1975.

Argued Sept. 25, 1975.

Harold Gondelman, Baskin, Boreman, Wilner, Sachs, Gondelman & Craig, Pittsburgh, for appellants.

G. Daniel Carney, Clyde W. Armstrong, Thorp, Reed & Armstrong, Pittsburgh, for appellee.

Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

This appeal arises from a final decree in equity, affirmed by a court en banc, which, *inter alia*, determined that appellee, Columbia Gas Transmission Corporation, was the owner of a disputed maintenance and repair right-of-way measuring fifty feet in width, and ordered appellants, Diamond Fuel Company and William M. Fiore Trucking and Contracting Company, to cease future dumping of fill material at the site and to remove any excess fill in the right-of-way. This appeal followed.

The record in the instant case is clear and uncontradicted that neither appellant is the owner in fee of the servient tenement across which the disputed easement exists; rather, the owner of the fee simple title is William M. Fiore, individually. The record is also clear that at no time was William M. Fiore, as an individual, made a party to this action, but was only associated with the litigation in his capacity as president of William M. Fiore Trucking and Contracting Company.

■■ Based on these facts, the decree in the instant case must be vacated for lack of an indispensable party, William M. Fiore, the fee owner. In Pennsylvania, an indispensable party is one whose rights are so directly connected with and affected by litigation that he must be a party of record to protect such rights, and his absence renders any order or decree of court null and void for want of jurisdiction. See *Pocono Pines Corp. v. Pa. Game Com., Com. of Pa.*, 464 Pa. 17, 345 A.2d 709 (1975). See also *Tigue v. Basalyga*, 451 Pa. 436, 304 A. 2d 119 (1973).

In the instant case there can be no question that the fee simple owner of the servient tenement is an indispensable party. The right to the use and enjoyment of his property will be adversely affected by any litigation involving the easement and, therefore, he must be joined. The failure to do so deprives the court of jurisdiction.

The decree of the court below is vacated and the complaint is dismissed without prejudice to the right of appellee to institute a new action wherein all necessary and indispensable parties are made parties to the action. Each party to bear own costs.

JONES, C. J., took no part in the consideration or decision of this case.