442 A.2d 807

**James L. MARTIN, Appellant,**

v.

**ABRAM D. MELLINGER REAL ESTATE, INC.**

Superior Court of Pennsylvania.

Argued Feb. 24, 1981.

Filed March 12, 1982.

James L. Martin, Quarryville, appellant, in pro. per.

James H. Thomas, Lancaster, submitted a brief on behalf of appellee.

Before SPAETH, WIEAND and JOHNSON, JJ.

JOHNSON, Judge:

This is an appeal from an order that sustained Appellee's preliminary objections and dismissed Appellant's complaint for failure to join a necessary and indispensable party. For the following reasons, we reverse and remand.

Appellant filed a pro se complaint against Appellee, Abram D. Mellinger Real Estate, Inc. Appellee filed preliminary objections, stating that Appellant had failed to join a necessary and indispensable party. The lower court sustained Appellee's preliminary objections and dismissed Appellant's complaint.

The sole issue on this appeal is whether the lower court correctly found, on the pleadings before it, that Abram Mellinger—an individual who had not been named as a defendant—was, in fact and law, an indispensable party to the suit whose nonjoinder required dismissal of the complaint.

Appellant had attached a copy of his lease to his complaint. In sustaining Appellee's preliminary objections, the trial court stated that it was apparent from the copy of Appellant's lease that Appellant's landlord was Abram D. Mellinger, rather than Abram D. Mellinger Real Estate, Inc., the defendant.

As we examine the preprinted lease in question, we note that "Abram D. Mellinger, 902 Columbia Ave., Lancaster, Pa. 17603" was typed on the blank lines preceding the preprinted phrase, "(hereinafter called Landlord)." We note, however, that Abram D. Mellinger signed the lease above the designation, "Agent for Owner." The ambiguity of Mellinger's role in the landlord/tenant relationship is further complicated by the fact that the above-cited address, which appears beside Mellinger's name, is that of Abram D. Mellinger Real Estate, Inc. Since Mellinger signed the lease as the agent for the owner, and since the address of the real estate company appears beside Mellinger's name with the designation of "landlord," it is not clear from the lease that Mellinger, rather than the real estate company, was the landlord.

An examination of Appellant's complaint reveals that the relationships of Mellinger and the real estate company to Appellant as tenant were quite ambiguous. In paragraph 8 of the complaint, Appellant avers that his notice of intent to vacate the premises was given to "Defendant" (i.e. the real estate company). Paragraphs 9 and 11 refer to Abram D. Mellinger as "agent for Defendant." Paragraphs 9 and 10 indicate that Appellant's attempts to communicate with Mellinger were made via the secretary at the real estate company.

Thus the complaint in question reveals Appellant's presumption that Mellinger was the agent for the real estate company, which seemingly owned the building in which Appellant was a tenant. Since Mellinger signed the lease as agent for the owner, Appellant's presumption was well-founded.

The issue of whether or not Mellinger is an indispensable party is resolved by our answer to the following question: are Mellinger's rights so connected with the claims of the litigants that an order or decree cannot be made without impairing Mellinger's rights? *See Columbia Gas Transmission Corp. v. Diamond Fuel Co.*, 464 Pa. 377, 379, 346 A.2d 788, 789 (1975). If Mellinger is merely the agent for the

owner, Mellinger's rights are not so closely connected that he would be an indispensable party. Even if Mellinger is the owner, a verdict against the real estate company does not impair Mellinger's rights. Thus, we cannot accept the lower court's determination that Mellinger is a necessary and indispensable party.

We need not examine the other deficiencies in the complaint, which the lower court discusses in its opinion, since these issues are not properly before us. We sympathize with the lower court's difficulty in reviewing the complaint since it was drawn by Appellant without benefit of counsel. On remand, Appellant may wish to consider the advisability of retaining counsel to assure that his rights are protected.

For the foregoing reasons, we reverse the order sustaining the preliminary objections and remand the case for further proceedings not in conflict with this opinion.