# Rundle v. Dailey

*Robert A. Gonos* and *Ruth Slamon Borland,* for plaintiff.

*James V. Senape Jr.* and *Catherine A. McGovern,* for defendant.

PODCASY, *J.,* March 31, 1989 — Before this court is the petition to dismiss for failure to join indispensable parties which has been filed by defendant, Margaret Dailey. Plaintiff, Mary Patricia Rundle, initiated this action in equity on October 6, 1988, averring that she was an adult daughter of a Donald Dailey, a decedent who died on July 28, 1988. Plaintiff avers that on May 3, 1988, the said decedent conveyed his interest in a certain parcel of land in Rice Township, Luzerne County, Pennsylvania by deed instrument to his wife, defendant herein, Margaret Dailey, which instrument was eventually recorded on May 23, 1988, in the office of the Luzerne County Recorder of Deeds in Book 2270, at page 879.

Plaintiff avers that at the time of the alleged execution of the deed on May 3, 1988, the said decedent was of advanced age and was suffering

from lingering physical and mental illnesses and disabilities. Plaintiff further avers that by reason of his disabilities, decedent was unaware and without understanding and, consequently, incapable of conveying the said premises. Plaintiff avers that defendant exercised fraud, undue influence and coercion in securing the decedent's execution on the said deed instrument.

It is averred that at the time of the decedent's death, he was survived by five children; to wit, Margaret Ann Khuns, Sharon Shannon, Mary Patricia Rundle, Donna Brenner, and Donald Phillip Dailey Jr.

On December 7, 1988, defendant made answer to plaintiff's complaint denying the material averments set forth and raising in new matter the question of plaintiff's failure to join the said siblings as indispensable parties to the action. One the same date, defendant filed a motion to dismiss the action for failure to join indispensable parties. The motion is now before this court for disposition.

Defendant argues that the siblings are indispensable parties by virtue of Pa.R.C.P. 2227 which governs compulsory joinder and provides:

"(a) Persons having a joint interest in the subject matter of an action must be joined on the same side as plaintiffs or defendants.

"(b) If a person who must be joined as a plaintiff refuses to join, he shall, in a proper case, be made a defendant or an involuntary plaintiff when the substantive law permits such involuntary joinder."

It is clear that a party is indispensable when his or her interest in the proceedings is of such nature that a final decree cannot be made without affecting it or leaving the controversy in such a condition that a final determination may be wholly inconsistent with equity and good conscience. *Fineman v. Cut-*

*ler,* 273 Pa. 189, 116 Atl. 819 (1922); *Mechanicsburg Area School District v. Kline,* 494 Pa. 476, 431 A.2d 953 (1981); *E-Z Parks Inc. v. Philadelphia Parking Authority,* 103 Pa. Commw. 627, 521 A.2d 71 (1987).

In *Mechanicsburg Area School District v. Kline, supra,* our Supreme Court outlined a four-fold consideration for the determination of an indispensable party as follows:

(1) Do absent parties have a right or interest related to the claim?

(2) If so, what is the nature of that right or interest?

(3) Is that right or interest essential to the merits of the issue?

(4) Can justice be afforded without violating due process rights of absent parties?

The court also provided guidance as to whether a party's interest was "essential" to the merits by quoting from *Columbia Gas Transmission Corporation v. Diamond Fuel Company,* 464 Pa. 377, 346 A.2d 788 (1975), as follows:

"In Pennsylvania, an indispensable party is one whose rights are so directly connected with and affected by litigation that he must be a party of record to protect such rights, . . . " *Mechanicsburg Area School District* at 483, 431 A.2d at 957; *Columbia Gas Transmission Corporation* at 379, 346 A.2d at 788.

In the instant matter, the siblings' rights are not indispensable to this action. While each may have a right or interest in the subject real estate, they possess an ability to present the claims to same under the Probate and Fiduciaries Code of the Commonwealth of Pennsylvania. Thus, it is clear that a decree in equity granting plaintiff's prayer for relief would not jeopardize or adversely prejudice

the siblings' distributive rights to the property. Their rights, then, are not essential to the merits of this action; nor do we find their due process protections being violated absent their joinder.

It is also important to note that our courts have not required the joinder of tenants in common as indispensable parties when one tenant seeks the aliquot portion of damages relating to the premises. *Onorato v. Wissahickon Park Inc.*, 430 Pa. 416, 244 A.2d 22 (1968). Tenants in common in real estate may enforce their claim to the extent of each of their interests without the joinder of the other tenants provided the remaining tenants' rights are not prejudiced. *Maloney v. Rodgers*, 184 Pa. Super. 342, 135 A.2d 88 (1957).

In conclusion, since plaintiff's prayer for relief seeks a declaration by this court that the deed between Donald Dailey and his wife, Margaret Dailey, be declared null and void, and that the said property be distributed pursuant to the Pennsylvania Probate and Fiduciaries Code, we failed to see how the unnamed siblings' rights in connection to the marital real estate will be prejudiced in an adjudication absent their joinder. Therefore, for each of the foregoing reasons, we enter the attached

## ORDER

After careful consideration of the pleadings before us and after a determination that the named siblings to plaintiff herein are not indispensable parties, it is hereby ordered, adjudged and decreed as follows:

(1) The petition of defendant, Margaret Dailey, to dismiss for failure of plaintiff to join indispensable parties is dismissed.

(2) The action is to proceed as of course; and

374

(3) The prothonotary is directed to mail notice of entry of this order to all counsel of record pursuant to Pa.R.C.P. 236.