J-A01024-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

ROBERT L. KRIEG AND JOHN J. SLINKOSKY, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
      Appellants :
:
      v. :
:
HAMLIN BANK & TRUST COMPANY, :
:
      Appellee : No. 652 WDA 2014

Appeal from the Judgment entered April 16, 2014,
Court of Common Pleas, McKean County,
Civil Division at No. 1432 C.D. 2012

BEFORE:  FORD ELLIOTT, P.J.E., DONOHUE and ALLEN, JJ.

MEMORANDUM BY DONOHUE, J.:          **FILED MARCH 04, 2015**

Robert L. Krieg and John J. Slinkosky (collectively "Appellants") appeal

from the April 16, 2014 judgment entered by the McKean County Court of

Common Pleas following its denial of Appellants' request for a declaratory

judgment that they are the sole owners of a 60.5 acre tract of land in Otto

Township, McKean County, Pennsylvania ("the Property").[1]   On appeal,

Appellants challenge the trial court's determination that Hamlin Bank & Trust

Company ("Bank") retained a 1/12 interest in the oil, gas and minerals in,

on, or under the Property and its finding that a tax sale did not extinguish

---

[1]  Appellants filed their notice of appeal "from the [o]rder dated March 25, 2014 and entered on March 26, 2014" denying their post-trial motion.  It is well-settled law, however, that "[a]n appeal to this Court can only lie from judgments entered subsequent to the trial court's disposition of post-verdict motions, not from the order denying post-trial motions." ***Fanning v. Davne***, 795 A.2d 388, 391 (Pa. Super. 2002) (citation omitted).  We therefore amended the caption accordingly.

the 1/12 interest excepted and reserved by the trustees of the estate of William Bingham ("the Bingham Estate") in the oil, gas and minerals of the Property. Upon review, we conclude that because Appellants failed to join Kendall Refining Company, the current holders of the Bingham Estate's 1/12 interest, the trial court was without jurisdiction to entertain the declaratory judgment action. We therefore vacate the trial court's decision.[2]

The trial court provided the following summary of the relevant facts from the stipulated record:

> By deed dated December 15, 1882, the Bingham Estate conveyed [the Property] to Franklin S. Tarbell et. al. …. The deed contained a provision "[e]xcepting and reserving nevertheless out of this grant one equal one twelfth part or share of all Petroleum Coal Oil Rock or Carbon Oil and Gas or other valuable mineral or volatile substance which shall or may be discovered...." The deed also stated[,] "This conveyance is made and accepted subject to the foregoing reservation [meaning the reservation described above]." Prior to the deed, on August 31, 1877, Tarbell also signed a Release concerning the mineral rights[,] which stated[,]
>
> > "...and by and which said Deed are reserved withheld and retained unto the Trustees of said Estate (Bingham) their successors and heirs

---

[2] Although neither the trial court nor the parties raised this jurisdictional question, "it is well established that questions of jurisdiction may be raised sua sponte." **In re J.A.**, __ A.3d __, 2015 WL 63002 , *7 n.11 (Jan. 6, 2015) (quoting **Commonwealth v. Weathers**, 95 A.3d 908, 912 (Pa. Super. 2014)); **see also Pilchesky v. Doherty**, 941 A.2d 95, 101 (Pa. Commw. Ct. 2008) ("Failure to join or serve parties as required by the [Declaratory Judgment Act] is a jurisdictional defect, and may be raised by a court on its own motion at any time, even on appeal. Where the defect exists, dismissal is appropriate.") (internal citations omitted).

and assigns to be delivered to them by the grantees in the said Deed named their heirs executors administrators or assigns the following manner part or share of all petroleum coal oil rock or carbon oil or other valuable mineral of volatile substance which are shall nr may be discovered excavated pumped or raised in upon or from the tract Of land mentioned...or any part thereof that is to Say one equal one twelfth part or share of all Petroleum..."

By deed dated November 30, 1885, Franklin Tarbell conveyed to John Sullivan a portion, if not all, of the 60.5 acres described in previously mentioned deed. The deed made reference to the reservation in the 1882 deed as follows:

"Also excepting and reserving unto said first parties their heirs and assigns all the Petroleum coal rock or carbon oil and gas and other valuable minerals and volatile substances...This conveyance being subject to the conditions contained in the Deed from the [unreadable word] of the Bingham Estate above referred to."

By Treasurer's deed dated June 11, 1894, the land owned by John Sullivan was conveyed to D. Vaughn. The land was sold because taxes were unpaid. The deed stated,

"...do grant, bargain and sell unto the said D. Vaughn his heirs and assigns, all that aforesaid tract of land together with all and singular the profits, privileges and advantages, with the appurtenances thereunto belonging, or anywise appertaining; To have and hold said land and premises with the appurtenances unto said D. Vaughn..."

The deed makes no mention of oil, gas, or mineral rights.

By deed dated July 1, 1964, Sturgis Ingersoll and Thomas Shipley, successor trustees of the Bingham Estate, conveyed "ALL of Grantors [sic] right, title and interest in and to the respective parts or shares hereinafter set forth of all Petroleum, Coal Oil, Rock or Carbon Oil, and Gas or other valuable mineral or volatile substance...all being in the County of Mckean [sic]..." to Kendall Refining Group. The conveyance included a 1/12th [sic] interest in Warrant number 2089, Lot number 282, 60.5 acres situated in Otto Township. This is the same lot number described in the Tarbell and Sullivan deeds.

By deed dated December 8, 1966, Clifford and Betty Burrows, together-doing-business-as, Burrows Pipe and Steel Supply conveyed to the First National Bank of Eldred, Pennsylvania, (hereinafter FNB) approximately 68.5 acres, of which the [Property] represented the majority. In addition to conveying the surface estate, the conveyance recited[,] "TOGETHER with all oil wells, machinery and equipment situate thereon, useful in the production of oil and gas from said property." The First National Bank of Eldred, which was [Bank's] predecessor, held title to the property until 1978.

FNB conveyed the property via two deeds on July 19, 1978, to Glenn and Robert Benson. By special warranty deed, FNB conveyed "ALL those certain pieces, parcels or lots of land situate...," meaning the 60.5 acres, to Glenn and Robert Benson, tenants in common, "[e]xcepting and reserving unto the grantor their heirs and assigns, all the oil, gas and minerals in, under and upon the said land together with the right of ingress, egress and regress."  On the same date, FNB, by quitclaim deed, conveyed "...ALL the oil, gas and other minerals in on or under those certain parcels..." However, the FNB quitclaim deed contained the following clause, "EXCEPTING unto the grantor, their heirs and assigns, and successors in interest a one-twelfth (1/12th [sic])

interest in the oil, gas and other minerals, in on or upon the above described premises."

By deed dated December 18, 1978, Robert Benson conveyed to Glen Benson, the 60.5 acres. The deed contained the following, "UNDER AND SUBJECT to exceptions, restrictions, reservations, and easements contained in the chain of title..." along with a reference to the two July 1978 deeds mentioned above.

By deed dated December 7, 1987, Glenn Benson conveyed the 60.5 acres to Forest Lands, Inc. The deed contained the following clause, "EXCEPTING and reserving unto the Grantor, their heirs and assigns, and successors in interest one-twelfth (1/12th [sic]) interest in the oil, gas and other minerals, in, on or upon the above described premises."

By deed dated January 24, 1989, Forest Lands, Inc. conveyed the 60.5 acres to Nicholas and Melva Malyak. The deed contained the following clause, "EXCEPTING and reserving unto Glenn R. Benson, his heirs and assigns, and successors in interest a one twelfth (1/12th [sic]) interest in the oil, gas and other minerals, in, or upon the above described premises."

[Appellants] took title to the property from Nicholas and Melva Malyak by deed dated November 26, 2007. The deed had the following clause, "EXCEPTING AND RESERVING unto Glenn R. Benson, his heirs and assigns, and successors in interest, a one-twelfth (1/12th [sic]) interest in the oil, gas and other minerals, in, on or upon the above described premises."

[Appellants] also took title to the Benson 1/12 interest in the oil, gas, and minerals by deed dated February 25, 2009. The deed stating: "Grantor does hereby release and quit claim to the said Grantees, as tenants in partnership: **A ONE-TWELFTH (1/12)**

**INTEREST IN THE OIL, GAS AND OTHER MINERALS IN, ON OR UPON THE LAND AS DESCRIBED...**"(emphasis included).

Trial Court Opinion and Order, 2/13/14, at 1-4 (footnotes containing record citations omitted; emphasis supplied).

Appellants filed a complaint for declaratory judgment on November 2, 2012, naming Bank as the only defendant. Therein, Appellants averred, in relevant part, as follows:

> 14. [Appellants] believe, and therefore aver, that the specific use of only the word "excepting" in the [1978] quit claim deed, while using the phrase "excepting and reserving" in the [1978] special warranty deed was a deliberate and specific use of language by [FNB] to put the grantees on notice of the previous Bingham reservation.
>
> 15. [Appellants] believe, and therefore aver, that this "exception" was an exception of the prior one-twelfth (1/12) reservation of the Bingham Estate, and not to be interpreted as a new "reservation" unto [FNB].
>
> 16. [Appellants] believe, and therefore aver, that the one-twelfth (1/12) reservation by the Bingham Estate of the oil, gas and mineral rights contained in the [1882 conveyance to Frank S. Tarbell] is a reservation of a non-participating royalty interest, which was divested as a result of the 1984 Treasurer's sale of [the Property].

Complaint, 11/2/12, ¶¶ 14-16. Appellants requested that the trial court enter a declaration barring Bank "from asserting any right, title, lien, or interest in the oil, gas, or other minerals in, on or under [the Property] based on the 'exception' contained in the 1978 oil, gas, and mineral deed"

and "such further relief as may be appropriate under these circumstances." Complaint, 11/2/12, at 3.

Bank filed an answer on November 21, 2012. Appellants filed a motion for judgment on the pleadings on April 22, 2013, and Bank filed a response on May 13, 2013. The trial court denied the motion on May 23, 2013, based in part on the uncertainty surrounding "whether the 1894 treasurer's sale impacted the 1/12th [sic] Bingham Estate interest." Trial Court Opinion and Order, 5/23/13, at 4. Thereafter, Appellants and Bank filed multiple briefs before the trial court, along with stipulated exhibits and facts.

By order filed on February 13, 2014, the trial court found that Bank "does have an interest in the oil, gas, and minerals in, on, or under [the Property]" and dismissed Appellants' complaint. Trial Court Order, 2/13/14. In its opinion that accompanied the order, the trial court found "that the tax sale would not have an effect on the Bingham's 1/12 interest." Trial Court Opinion & Order, 2/13/14, at 9. The trial court left open the option for oral argument in the matter, instructing the parties to file a motion for reconsideration if either wished to exercise that option.

On February 21, 2014, Appellants filed a timely motion for reconsideration, raising as error the trial court's determinations with respect to the existence of the 1/12 interests held by Bank and the successor to the Bingham Estate, respectively. The trial court granted reconsideration on

February 27, 2014, scheduling the matter for oral argument in accordance with its February 13 order.

On March 14, 2014, the trial court denied reconsideration. Appellants filed a motion for post-trial relief on March 24, 2014, which the trial court denied on March 26, 2014. Appellants filed a praecipe for the entry of judgment on April 16, 2014, and a notice of appeal on April 22, 2014. Appellants timely complied with the trial court's order for the filing of a concise statement of errors complained of on appeal pursuant to Rule of Appellate Procedure 1925(b). On May 29, 2014, the trial court entered a statement in lieu of an opinion pursuant to Rule of Appellate Procedure 1925(a), referring this Court to its opinions filed on February 13 and March 14, 2014 for the "rationale for [its] decision." Rule 1925(a) Statement, 5/29/14, at 2.

Appellants raise the following issues on appeal for our review:

1. Whether the trial court erred in finding that []Appellants do not own the complete interest in all of the oil, gas and minerals in, on, or under [the Property]?

2. Whether the trial court erred in finding that [Bank] has an interest in the oil, gas and minerals in, on, or under [the Property]?

3. Whether the trial court erred in finding that [FNB], predecessor to [Bank], retained a 1/12 oil, gas and mineral interest in [the Property] for itself?

4. Whether the trial court erred in failing to construe the ambiguity in the deed documents related to [the Property] in favor of []Appellants?

Appellants' Brief at 4.

We review a declaratory judgment action for a clear abuse of discretion or error of law. *Erie Ins. Grp. v. Catania*, 95 A.3d 320, 322 (Pa. Super. 2014), *appeal denied,* 104 A.3d 4 (Pa. 2014). "We may not substitute our judgment for that of the trial court if the trial court's determination is supported by the evidence. … The application of the law, however, is always subject to our review." *Id.* (citations omitted).

The Declaratory Judgment Act provides courts with the "power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. … [S]uch declarations shall have the force and effect of a final judgment or decree." 42 Pa.C.S.A. § 7532. The petitioner in a declaratory judgment action must join all parties having any claim or interest that would be affected by the declaration sought. 42 Pa.C.S.A. § 7540(a); *see also* Pa.R.C.P. 2227(a) ("Persons having only a joint interest in the subject matter of an action must be joined on the same side as plaintiffs or defendants."). The absence of an indispensable party to a declaratory judgment action renders the court "powerless to grant relief." *Sprague v. Casey*, 550 A.2d 184, 189 (Pa. 1988); *see also Mains v. Futon*, 224 A.2d 195, 196 (Pa. 1966) ("declaratory judgment proceedings will not lie unless all the parties having an interest in the issue are joined").

"In Pennsylvania, an indispensable party is one whose rights are so directly connected with and affected by litigation that he must be a party of record to protect such rights, and his absence renders any order or decree of court null and void for want of jurisdiction." ***Columbia Gas Transmission Corp. v. Diamond Fuel Co.***, 346 A.2d 788, 789 (Pa. 1975).

Before the trial court and now on appeal, Appellants claim that they own the complete interest in the oil, gas and minerals in, on and under the Property. They challenge not only the interest allegedly held by Bank, the named defendant in the declaratory judgment action, but also that of Kendall Refining Company, which obtained in 1964 the 1/12 interest originally excepted and reserved by the Bingham Estate. ***See*** Complaint, 11/2/12, ¶ 16; Appellants' Brief at 16-19.[3] On appeal, they seek to have

_____

[3] Although Appellants stated in their trial brief that "[t]he resolution of the validity of the Bingham Estate's 1/12 interest is immaterial to this case," Plaintiffs' Trial Brief, 10/18/13, at 10, our review of the record proves that statement to be disingenuous. Indeed, in their motion for reconsideration and post-trial motion, Appellants assail the trial court's conclusion that the 1/12 interest excepted and reserved by the Bingham Estate continued to exist following the 1894 treasurer's sale. ***See*** Plaintiffs' Motion for Reconsideration, 2/21/14, ¶ 5 ("The [trial c]ourt erred and misapplied the law in finding that the 1/12 interest excepted and excepted and reserved by the Bingham Estate was a fractional interest, but then determined that the 1894 Treasurer's sale did not divest the Bingham Estate's 1/12 interest. (***Hutchinson v. Kline***, 199 Pa. 564, 49 A. 312 (1901)[)]"); Plaintiffs' Motion for Post-Trial Relief, 3/24/14, ¶ 5 ("In finding that the 1/12 interest excepted and excepted and reserved by the Bingham Estate was a fractional interest, the [trial c]ourt erred and misapplied the law when the [trial c]ourt found that the 1894 Treasurer's sale did not divest the Bingham Estate's 1/12 interest. The evidence presented to the [trial c]ourt includes the 1894 Unseated Treasurer's sale and the absence of any separately assessed oil,

this Court reverse the decision of the trial court and find that the 1894 treasurer's sale extinguished the 1/12 interest in the oil, gas and minerals of the Property excepted and reserved by the Bingham Estate. Appellants' Brief at 32.

On this record, it is clear that Kendall Refining Company is an indispensable party, as its rights with respect to its 1/12 interest in the Property's oil, gas and minerals is so directly connected with and affected by the instant litigation that it must have been made a party to protect those rights. **Columbia Gas**, 346 A.2d at 789. Appellants' failure to join Kendall Refining Company as a party to the underlying declaratory judgment action renders both the trial court and this Court without jurisdiction to grant the relief requested. **See** 42 Pa.C.S.A. § 7540(a); Pa.R.C.P. 2227(a); **Sprague**, 550 A.2d at 189; **Mains**, 224 A.2d at 196. As the trial court was without jurisdiction to decide the declaratory judgment action before it, we vacate its decision.

Judgment vacated. Jurisdiction relinquished.

---

gas or mineral interests that were not under separate tax assessment under the holding of **Hutchinson v. Kline, 199 Pa. 564, 49 A. 312 (1901);** see also **Proctor v. Sagamore Big Gam Hunting Club, 265 F.2d 196 (3d Cir. 1959).**"). On appeal, Appellants present extensive argument regarding the trial court's alleged error in failing to find that the 1894 treasurer's sale extinguished the 1/12 interest in oil, gas and minerals of the Property originally excepted and reserved by the Bingham Estate. **See** Appellants' Brief at 16-19. Moreover, in their prayer for relief on appeal, "Appellants respectfully request[, inter alia,] that this Court hold that transfer of the 1894 treasurer's deed acted as a 'title wash,' extinguishing any previously severed subsurface interests." **Id.** at 32.

- 11 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/4/2015