J. S72016/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

A.M.H.                                          :          IN THE SUPERIOR COURT OF
    APPELLANT                    :                    PENNSYLVANIA
                                      :
        v.                        :
                                      :
J.K., M.K., JR., J.E. AND P.E.     :
                                      :
                                      :
                                      :          No. 951 MDA 2016

Appeal from the Order Entered May 12, 2016
In the Court of Common Pleas of Susquehanna County
Civil Division at No(s): 2014-00115

BEFORE: GANTMAN, P.J., DUBOW, J., and STRASSBURGER, J.[*]

MEMORANDUM BY DUBOW, J.:                         **FILED NOVEMBER 09, 2016**

Appellant, A.M.H., appeals from the May 12, 2016 Order denying her Petition to Modify Custody and Petition for Special Relief with respect to her daughter, five-year-old A.K. ("Child"). We remand for further proceedings.

Child's biological parents are both deceased; and A.M.H. is Child's biological paternal aunt who later adopted Child. On May 1, 2014, prior to A.M.H. adopting Child, A.M.H., Child's paternal grandparents, J.K. and M.K., Jr. ("Paternal Grandparents"), and Child's maternal grandparents, J.E. and P.E. ("Maternal Grandparents") entered into a custody agreement whereby A.M.H. was awarded primary physical custody and sole legal custody of Child. Maternal Grandparents and Paternal Grandparents were both

_____

[*] Retired Senior Judge assigned to the Superior Court.

awarded periods of partial physical custody. On May 14, 2014, by stipulation of all parties, the custody agreement was made an Order of court.

A.M.H. subsequently adopted Child. N.T., 9/21/15, at 17. Most relevant to this appeal, the trial court states in its Opinion that "[i]n October of 2014 [A.M.H.] and her husband, who are now separated, filed a petition for Adoption of [Child]. The adoption was final on December [ ], 2014." Trial Court Opinion, dated 11/30/15, at 2 (unpaginated). The certified record does not indicate when exactly the adoption occurred and whether A.M.H.'s then-estranged husband, J.H., was a final party to the adoption.

On July 21, 2015, A.M.H. filed a Petition to Modify Custody Order, in which she sought to eliminate Maternal Grandparents' partial physical custody or, in the alternative, to allow them to exercise partial physical custody on a supervised basis only. On the same day, A.M.H. also filed a Petition for Special Relief, in which she requested Maternal Grandparent's partial physical custody be immediately ended pending further order of the court.

On September 21, 2015, following an evidentiary hearing, the trial court denied A.M.H.'s Petitions and instructed the parties to comply with the prior Custody Order of May 14, 2014. A.M.H. filed a timely notice of appeal and complied with Pa.R.A.P. 1925. On April 18, 2016, this Court vacated the September 21, 2015 Custody Order and remanded the case with instructions

for the trial court to consider custody factors provided in 23 Pa.C.S. § 5328(a). ***A.M.H. v. J.K. et al***., 1842 MDA 2015 (Pa. Super. filed Apr. 18, 2016).

In a Supplemental Opinion and Order filed May 12, 2016, the trial court addressed Section 5328 custody factors and reaffirmed its September 21, 2015 Custody Order.

A.M.H. timely appealed and complied with Pa.R.A.P. 1925, raising six issues, including the following threshold issue:

> Whether the trial court committed an abuse of discretion and erred as matter of law by failing to [o]rder that the indispensable party [J.H.], adoptive father of the minor child, be joined in the proceedings below?

Appellant's Brief at 3.

An indispensable party is one who has rights so directly connected with and affected by the litigation that he must be a party to protect such rights. ***Columbia Gas Transmission Corporation v. Diamond Fuel Company***, 346 A.2d 788, 379 (Pa. 1975). His or her "absence renders any order or decree of court null and void for want of jurisdiction." ***Id***. The issue of lack of subject matter jurisdiction may be raised at any time, even for the first time on appeal. ***In re Patterson's Estate***, 19 A.2d 165, 166 (Pa. 1941).

Our rules of civil procedure provide, in relevant part, that "[i]f the court learns from the pleadings or any other source that a parent . . . is not a party to the action, it shall order that the person be joined as a party." Pa.R.C.P. 1915.6(a)(1). The explanatory comment clarifies that "[t]he

position taken by the rules is that a person in physical custody of the child and a parent . . . are necessary parties to a custody determination." Pa.R.C.P. 1915.6 cmt.

As stated above, the certified record is devoid of information relating to Child's adoption. If J.H. is, in fact, Child's adoptive father then he would be a necessary party to this custody proceeding pursuant to Pa.R.C.P. 1915.6. We are unable to conduct meaningful appellate review without additional information. As such, we are remanding this case for the trial court to conduct an evidentiary hearing within 30 days to determine whether J.H. is Child's adoptive father. After hearing, trial court is to file a Pa.R.A.P. 1925(a) Opinion within 20 days addressing all of the issues raised in A.M.H.'s Pa.R.A.P. 1925(b) Statement.

Case remanded with instructions. Jurisdiction retained.

Judge Strassburger joins the memorandum.

President Judge Gantman concurs in result.