J-S02027-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JIE P. XU | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BIN KEUNG NG A/K/A BINKEUNG NG | : | No. 620 EDA 2025 |
| AND JFK FUNDING, LLC | : | |

Appeal from the Judgment Entered February 10, 2025
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  220201660

BEFORE:  NICHOLS, J., MURRAY, J., and BENDER, P.J.E.

MEMORANDUM BY MURRAY, J.:                    **FILED MARCH 3, 2026**

Jie P. Xu (Appellant) appeals from the judgment entered following the non-jury verdict against her, and in favor of Bin Keung Ng a/k/a Binkeung Ng (Mr. Ng) and JFK Funding, LLC (JFK) (collectively, Defendants).  Appellant sought specific performance of an option to purchase property leased by her, and located at 2519 S. American Street, in Philadelphia, Pennsylvania (the American Street property), as well as damages resulting from Mr. Ng's sale of the American Street property to JFK.  After careful review, and based upon Appellant's failure to join an indispensable party, we vacate the judgment and remand for entry of an order dismissing Appellant's action without prejudice.

The trial court summarized the relevant history underlying this appeal:

> Appellant and her husband, Eric Tuyen [(Mr. Tuyen)], live at [the American Street property].  [The American Street property] was owned by … [Mr. Ng], with the deed in [Mr. Ng's] name.

Appellant's lease for the [American Street] property was for 23 years and included an option to purchase, exercisable at any time with written notice during the lifetime of the lease, for $110,000. Lumin Sun, [Mr. Ng's] real estate agent, prepared the lease for [the American Street] property.

Mr. Tuyen claims to have had investment dealings with [Mr. Ng] concerning the purchase of the American Street property[,] as well as another property [owned by Mr. Ng] on S. Philip Street [(the Philip Street property)]. Appellant was not involved in Mr. Tuyen's dealings with [Mr. Ng] concerning the two properties.

In 2018, [Mr. Ng] sold the Philip Street property without consulting, or sharing the profits, with Mr. Tuyen. In response to this alleged slight, Mr. Tuyen stopped paying rent [for the American Street property[1]] for several months[,] in late 2021 to early 2022[,] until the dispute over the [Philip Street] property could be resolved. Throughout the feud between Mr. Tuyen and [Mr. Ng] concerning the Philip Street property, Appellant was not personally involved and did not have any exchanges with [Mr. Ng] herself.

Partly in response to this dispute and the nonpayment of rent by Mr. Tuyen, [Mr. Ng] began seeking options to sell the American Street property. Prospective buyers were not given access to the building by Mr. Tuyen, making it difficult for [Mr. Ng] to arrange a sale. Rather than putting the [American Street] property on the market, [Mr. Ng] reached a private agreement to sell it to [JFK] for $165,000, reflecting the property's appreciation in value. When Appellant and Mr. Tuyen became aware of this impending sale, they contacted their lawyer and sent [Mr. Ng] a written notice of their intent to exercise the option to purchase [the American Street property].

Trial Court Opinion, 6/17/25, at 1-2 (footnote and paragraph break added).

On February 15, 2022, Appellant commenced the instant action against the Defendants by filing a writ of summons. Appellant filed her complaint on

_____

[1] Only Appellant is named on the lease.

June 22, 2022. The matter eventually proceeded to a bench trial on May 1-2, 2024, June 5-6, 2024, and October 22, 2024. Following the submission of proposed findings of fact and conclusions of law by the parties, on December 30, 2024, the trial court issued the following verdict:

> Because [Mr.] Tuyen is an unjoined indispensable party with respect to all of [Appellant's] claims for money damages, and because the lease in question terminated prior to [Appellant] attempting to exercise the option to purchase, after a bench trial[,] the [c]ourt finds in favor of [the] Defendants … on all counts.

Trial Court Order, 12/30/24.

Appellant filed a post-trial motion solely challenging the trial court's determination that the lease had terminated prior to Appellant exercising the option to purchase the American Street property. *See* Post-Trial Motion, 1/7/25, ¶¶ 16-34. Appellant did not challenge the trial court's determination that Appellant had failed to join an indispensable party. On February 10, 2025, the trial court denied Appellant's post-trial motion and entered judgment in favor of the Defendants. Trial Court Order and Judgment, 2/10/25. Thereafter, Appellant filed the instant timely appeal. Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

1. Whether the trial court erred in concluding the residential lease [for the American Street property] terminated when no notice of termination was sent to tenant?

2. Whether the trial court erred by failing to conclude that Pennsylvania is a "pay to stay" jurisdiction where residential tenants may cure a monetary default prior to actual eviction?

3. Whether the trial court erred in concluding that the option to purchase could not survive a lease termination?

4. Whether the trial court erred in concluding there was no consideration for the lease option to purchase?

5. Whether the trial court erred by failing to grant specific performance against [JFK]?

Appellant's Brief at 3.

We initially recognize that,

[w]hen reviewing a judgment rendered after a bench trial, we determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law. We give a judge's findings of fact the same weight and effect on appeal as a jury verdict, and we consider the evidence in a light most favorable to the verdict winner. We reverse the court's factual findings only if the record does not support them or if the court based them on an error of law. However, as to questions of law, our standard of review is *de novo*, and our scope of review is plenary.

*Wykel v. Knapp*, 288 A.3d 889, 893 (Pa. Super. 2022) (internal quotation marks and citations omitted).

Before addressing Appellant's issues, we must first address the jurisdictional issue implicated by the trial court's determination that Appellant had failed to join an indispensable party. As this Court has explained,

[u]nder Pennsylvania law, the failure to join an indispensable party is a non-waivable defect that implicates the trial court's subject matter jurisdiction. Subject matter jurisdiction relates to the competency of a court to hear and decide the type of controversy presented. Lack of jurisdiction of a court or administrative tribunal to act in a matter is an issue that cannot be waived by the parties, nor can the parties confer subject matter jurisdiction on a court or tribunal by agreement or stipulation. The want of jurisdiction over the subject matter may be questioned at

- 4 -

any time. It may be questioned either in the trial court, before or after judgment, or for the first time in an appellate court, and it is fatal at any stage of the proceedings, even when collaterally involved. … Subject matter jurisdiction raises a question of law for which our standard of review is *de novo* and our scope of review is plenary.

*MA-SA Construction, LLC v. Tropp*, 343 A.3d 279, 284-85 (Pa. Super. 2025) (citations, internal quotation marks, and brackets omitted; paragraph formatting modified).

Appellant raised the indispensable-party issue in her Pa.R.A.P. 1925(b) concise statement. However, in its opinion, the trial court concluded that Appellant waived her indispensable-party challenge by failing to include the issue in her post-trial motion:

[Appellant] did not address this point [in her post-trial motion,] despite the fact that the [c]ourt specifically included it in its judgment order as a reason for its decision. If an issue has not been raised in a post-trial motion, it is waived for appeal purposes. *P.S. Hysong v. Lewicki*, 931 A.2d 63, 66 (Pa. [Cmwlth.] 2007). Therefore, this particular matter was not properly preserved for appeal and Appellant cannot raise it for the first time now.

Trial Court Opinion, 6/17/25, at 4. The trial court's determination is supported by the record and its legal conclusion is sound. *See Schofield v. Steinhauer*, 345 A.3d 279, 282 (Pa. Super. 2025) (recognizing that a party must file post-trial motions to preserve any issue for appellate review); *Matthew 2535 Props., LLC v. Denithorne*, 313 A.3d 223, 232 (Pa. Super. 2024) (*en banc*) ("Pa.R.C[].P. 227.1 requires parties to file post-trial motions in order to preserve issues for appeal. If an issue has not been raised in a post-trial motion, it is waived for appeal purposes." (citation omitted)).

- 5 -

In addition, Appellant failed to raise this issue in her appellate brief. "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority[,] or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." *In re A.C.*, 991 A.2d 884, 897 (Pa. Super. 2010). Consequently, based upon the foregoing, we conclude Appellant waived any challenge to the trial court's indispensable-party determination.[2] *See id.*

However, our analysis does not conclude at this point. Pennsylvania Rule of Civil Procedure 1032(b) provides that,

> [w]henever it appears … that the court lacks jurisdiction of the subject matter or that there has been a failure to join an indispensable party, the court shall order that … the indispensable party be joined, **but if that is not possible, then it shall dismiss the action**.

Pa.R.C.P. 1032(b) (emphasis added). Thus, an indispensable party "must be joined" and if not, "his absence renders any order or decree of court null and void for want of jurisdiction." *Columbia Gas Transmission Corp. v. Diamond Fuel Co.*, 346 A.2d 788, 789 (Pa. 1975); *see also Strasburg*

---

[2] Even if Appellant had preserved this issue, we would agree with the trial court's conclusion that Mr. Tuyen is an indispensable party, for the reasons stated in the trial court's opinion. *See* Trial Court Opinion, 6/17/25, at 5 (wherein the trial court determined that justice cannot be done in the absence of Mr. Tuyen, as Mr. Tuyen testified that "he and [Appellant] were in business with [Mr. Ng] together, and it made no difference whether it was [Mr. Tuyen's] name or Appellant's on any given document[,]" and where the evidence indicated that Mr. Tuyen, and not Appellant, communicated and dealt with Mr. Ng regarding the American Street property and the Philip Street property).

***Scooters, LLC v. Strasburg Rail Rd., Inc.***, 210 A.3d 1064, 1067 (Pa. Super. 2019) ("[A] judgment or decree rendered by a court which lacks jurisdiction of the subject matter or of the person is null and void."). Where a trial court has already entered final judgment without an indispensable party having been joined, the proper result on appeal is to vacate the judgment and dismiss the complaint without prejudice to the plaintiff's right "to institute a new action wherein all necessary and indispensable parties are made parties to the action." ***Columbia Gas***, 346 A.2d at 789-90.

Instantly, Appellant's failure to join an indispensable party deprived the trial court of subject matter jurisdiction to render its verdict and enter its judgment. Consequently, in accordance with Pa.R.C.P. 1032(b), upon determining that Appellant failed to join an indispensable party, the appropriate remedy was for the trial court to dismiss Appellant's action. ***See id.*** For this reason, we are constrained to vacate the judgment entered by the trial court, and remand for entry of an order dismissing Appellant's action against the Defendants without prejudice. ***See*** Pa.R.C.P. 1032(b).

Judgment vacated. Case remanded with instructions. Superior Court jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/3/2026